UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MARIBEL OCAMPO,                                          :
                                                         :
                                                         :
                              Plaintiff,                 :      **MEMORANDUM**
                                                         :      **DECISION AND ORDER**
                    - against -                           :
                                                         :      18-cv-4326 (BMC)
CLIENT SERVICES, INC.,                                   :
                                                         :
                              Defendant.                 :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff applied for and received a Walmart Mastercard.  Plaintiff became delinquent and the account was turned over for collection.  The collection letter included the issuing bank as well as Walmart in describing the creditor – *i.e.*, "Synchrony Bank Walmart MC."  Because the letter identifies the creditor only once, and in a manner plaintiff claims is ambiguous, plaintiff contends that the least sophisticated consumer would be misled, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

Even the least sophisticated consumer, armed with the knowledge that she has a Walmart credit card, is not as lacking in financial acumen as plaintiff contends, and no reasonable jury could find otherwise.  If she is able to fill out the Walmart credit card application, she is able to comprehend that a reference line in a collection letter to Walmart refers to her Walmart credit card, especially when she has used it to charge thousands of dollars in purchases.  Defendant's motion for summary judgment is therefore granted, and plaintiff's motion for judgment on the pleadings is denied.

## SUMMARY OF COMPLAINT

Plaintiff complains that defendant sent her a debt collection letter that does not adequately identify her creditor.  The letter states "Re: Synchrony Bank Walmart MC" and, in the lines below, provides plaintiff's account number and the balance due, which was $6,490.19. The letter does not otherwise refer to Synchrony Bank Walmart MC.  Plaintiff claims that this letter therefore violates 15 U.S.C. § 1692g and 15 U.S.C. § 1692e.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

"Dismissal under Rule 12(c) is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 131 (E.D.N.Y. 2007) (internal quotation marks omitted).  "The same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings."  Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010).

However, the usual standards for deciding a Rule 12(b)(6) motion – as developed in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and their progeny – "shed[] little light in FDCPA cases, including this one, based on the

undisputed language of a collection letter." Meintzinger v. Sortis Holdings, Inc., 18-CV-2042, 2019 WL 1471338, at *2 (E.D.N.Y. April 3, 2019).  Because the statute applies an objective standard, "the background facts in an FDCPA case are usually immaterial; either the challenged language is misleading or not misleading as a matter of law, or, in the less usual case, a reasonable jury could come out either way on whether particular language is misleading." Id.

In an FDCPA case, the collection letter must be assessed from the perspective of the "least sophisticated consumer." See Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "The hypothetical least sophisticated consumer does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks omitted).  The Second Circuit has therefore directed that "courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012) (internal quotation marks omitted).

Under 15 U.S.C. § 1692g(a)(2), a debt collector must identify "the name of the creditor to whom the debt is owed … ."  Further, 15 U.S.C. § 1692e forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Plaintiff claims that the debt collection letter at issue here violates both of these provisions of the FDCPA by failing to properly identify the creditor.

However, the debt collection letter at issue here clearly identifies the creditor by stating, at the top of the letter, "Re: Synchrony Bank Walmart MC."  Right below this line, the letter identifies the account number and balance due, which – especially in conjunction with the name of the creditor – is sufficient information for even the least sophisticated consumer to understand

that the debt collection letter is attempting to collect a debt for Synchrony Bank, the issuing bank for her Walmart credit card.

The least sophisticated consumer does not read a debt collection letter in complete isolation from her financial history.  See Helman v. Bank of Am., 685 F. App'x 723, 728 (11th Cir. 2017) (holding that the "least sophisticated consumer in [plaintiff's] position necessarily would have had at least" certain knowledge of her financial history).  Just as the least sophisticated consumer is "neither irrational nor a dolt," Ellis, 591 F.3d at 135, the least sophisticated consumer possesses "reasonable knowledge of her account's history."  Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009).

Here, the least sophisticated consumer in plaintiff's position would understand that she has a Walmart credit card, and she can match the account number for this credit card with the account number on the letter.  She may not understand the exact relationship between Synchrony and Walmart, but she does not have to be an expert on credit card processing to match the Synchrony Bank Walmart credit card referenced in the debt collection letter to the Synchrony Bank Walmart credit card in her wallet that she used to incur thousands of dollars in unpaid debt.

It would be particularly difficult for the least sophisticated consumer to be confused about who the creditor is because there is no other entity even mentioned in the letter, besides defendant.  Since the letter identifies itself as a "communication … from a debt collector" and states that "[t]he above account has been placed with our organization for collections," the least sophisticated consumer would be able to infer that defendant is the debt collector, not the creditor.

Plaintiff's arguments to the contrary are not persuasive.  Plaintiff observes that "courts of this district have repeatedly held that merely stating 'RE' and the name of an entity in a

collection letter does not satisfy the requirements of the FDCPA."  Talyor v. MRS BPO, LLC, 17-cv-01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (collecting cases) (internal quotation marks, quotations, and alterations omitted).  I am not sure I agree with those decisions, as they seem to give the least sophisticated consumer too little "credit," but even if I did, the letter here not only provides the name of the creditor but also, right below the line providing the name, provides the account number and the balance due for the account.  And, as noted above, there is no other information in the letter to distract plaintiff from the identity of her creditor.

Plaintiff also contends that the letter merely identifies the source of the debt – Synchrony Bank Walmart MC – without adequately conveying that the source of the debt is also the creditor.  However, "[t]he FDCPA does not require debt collectors to spell out every term that a consumer can be reasonably expected to infer from the whole of a letter."  Schlesinger v. Jzanus Ltd., 17-CV-3648, 2018 WL 2376302, at *3 (E.D.N.Y. May 24, 2018).  By explicitly naming the creditor, and by providing additional consistent context indicators in the form of the account number and balance due, defendant has satisfied its obligation under § 1692g(a)(2) to provide the "name of the creditor to whom the debt is owed" in this letter.  See id.

Further, plaintiff contends that the debt collection letter is open to more than one reasonable interpretation as to the owner of the debt.  Plaintiff is correct that, under the FDCPA, debt collection letters are deceptive "if they are open to more than one reasonable interpretation, at least one of which is inaccurate."  Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) (internal quotation marks omitted).  However, plaintiff fails to identify any reasonable interpretation of the letter at issue other than the accurate interpretation that Synchrony Bank is the creditor for her charges at Walmart, and no other reasonable interpretation is apparent.

What possible interpretation of the name, account number, and amount due could plaintiff have besides that which was clearly intended?  This is her Walmart credit card; it simply cannot be anything else.  Plaintiff offers no alternative construction.  If she doesn't know that it is her Walmart credit card that is being collected, her sophistication level is below that of the least sophisticated consumer.

Cases like this – litigation over whether an innocuous debt collection letter is in technical compliance with the FDCPA – are far afield from the original intent behind the FDCPA, i.e. preventing "collection abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process."  Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation marks omitted).  That is not what happened here at all.  Rather, this is a "lawyer's case," by which I mean that it alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.

We cannot lose sight of the consequences of these creative exercises – the cost of litigation in the collection industry logically must increase the cost of credit, especially to the least sophisticated consumer, as at least some of those costs will be passed on.  See Akoundi v. FMS, Inc., No. 14-cv-366, 2014 WL 3632008, at *3 n.1 (S.D.N.Y. July 22, 2014) ("Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest and only increases the cost of credit by subjecting debt collectors to frivolous claims.") (internal quotation marks omitted).  That is fine if it is necessary to protect the least sophisticated consumer.  It is what Congress intended in the FDCPA,

balancing a higher cost of credit or denial credit to some consumers for the protection of all least sophisticated consumers.  But if courts interpret the FDCPA to have as low a bar as plaintiff's counsel argues here, they would end up hurting the least sophisticated consumer by making her pay higher interest rates, collection costs, or depriving her of access to credit at all, rather than helping her.

## CONCLUSION

Defendant's motion for summary judgment is granted and plaintiff's motion for judgment on the pleadings is denied.  The Clerk is directed to enter judgment in favor of defendant, dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
         July 3, 2019